(No. 3923—

LEOPOLD COHEN IRON CO. A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

GEORGE B. COHEN, for claimant.

GEORGE F. BARRETT, Attorney General and WM. L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

The claimant, Leopold Cohen Iron Company, is en-

gaged in the scrap iron business, and operates under the Workmen's Compensation Act of this State. On January 28, 1935, the claimant made an agreement with the Illinois Industrial Commission, by the terms of which claimant deposited with the Illinois Industrial Commission One Hundred Dollars ($100.00) in cash, and agreed to deposit the further sum of Fifty Dollars ($50.00) per month. The agreement was executed pursuant to the provisions of the Workmen's Compensation Act to qualify claimant as a self insurer. The moneys so deposited were to be held by the Illinois Industrial Commission as a guarantee for the payment of any sums found by process of law to be due to the employees of the claimant under the Workmen's Compensation Act. The agreement further provided that the moneys would be surrendered to claimant upon presentation to the Illinois Industrial Commission of a certificate or a statement signed by the Illinois Industrial Commission and the claimant that no payments were due or unpaid from the claimant to its employees or others under the Workmen's Compensation Act.

A total of Five Hundred Dollars ($500.00) was deposited by the claimant with the Commission; the receipt of the moneys was duly acknowledged by the Commission; and all the moneys were paid to L. J. O'Connell, then Chief Security Examiner for the Commission.

On April 7, 1942, claimant was advised by the Illinois Industrial Commission that said L. J. O'Connell had converted the money of the claimant, as well as that of other self-insurers, to his own use. Claimant, having at that time insured itself in a responsible carrier of insurance against compensation claims, and having made the necessary proof of such insurance to the Commission, demanded the return of the Five Hundred Dollars

($500.00). The money not having been returned to claimant, claim was filed herein on July 23, 1945, seeking an award for the amount of the deposit.

On October 15, 1946, testimony was taken before Commissioner John L. East, Jr. The facts were not controverted, and were amply supported by documentary evidence introduced by the claimant.

The deposit of money by claimant with the Industrial Commission was an involuntary transaction, required by the law of Illinois before claimant could do business in this state. (Illinois Revised Statutes 1941, Chap. 48, par. 172.26) The Industrial Commission was authorized by law to enter into the contract with the claimant (*Pinkerton's Nat. Detective Agency vs. Fidelity & Deposit Co.*, 138 Fed. 2d. 469. In the case of *J. Roy Browning vs. State of Illinois*, No. 3788, ante, a claim based on facts very similar, claimant was granted an award. That case is controlling here.

An award is therefore entered in favor of the claimant in the sum of Five Hundred Dollars ($500.00).